JUDGE KAPLAN

Joseph W. Murray (JM-2393)
Attorney for Plaintiff
125-10 Queens Blvd, Suite 5
Kew Gardens, New York 11050
(718) 514-3855

**13 CIV 4881**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------------- X
KENNETH RINALDI,

                                      *Plaintiff,*           **13 CV _____**

                  -against-                                       **VERIFIED**
                                                                  **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, BRONX COUNTY DISTRICT ATORNEY'S
OFFICE, RAYMOND KELLY, Commissioner of the New York
City Police Department, in his official and individual capacity,
John Doe Employees for the Bronx County District Attorney's
Office, John Doe Employees of the NYPD,

                                        *Defendants.*
-------------------------------------------------------------------- X

**JURY TRIAL DEMANDED**

RECEIVED JUL 15 2013 U.S.D.C. S.D.N.Y. CASHIERS

PLAINTIFF, Kenneth Rinaldi, by and through his attorney, Joseph W. Murray, Esq., as and for his complaint against the above-named defendants, declares and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking monetary relief, equitable relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and brought pursuant to 42 U.S.C. §1983.

2. In essence, Plaintiff, a retired police officer was investigated for "ticket fixing," denied an administrative disciplinary hearing on the matter, and later wrongfully denied a post-retirement pistol permit and post retirement-"name clearing hearing" by Police

1

Commissioner RAYMOND KELLY. Numerous officers investigated of similar malfeasance were able to quickly resolve similar charges and receive their post-retirement pistol permits.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343.

4. Plaintiff also involves §1367 over any and all state claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §2201 and §2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. Venue is proper under 28 U.S.C. §1391(b) and (c) in that a substantial part of the acts or omissions giving rise to the claims herein occurred in the Southern District of New York and all defendants are located or have their principle place of business in the Southern District of New York.

## PARTIES

7. Plaintiff, Kenneth Rinaldi, is a citizen of the United States and resides in Staten Island, New York. He is a retired police officer from the New York City Police Department, having completed twenty years of police service.

8. The City of New York is a municipal entity created and authorized under the laws of the State of New York.

9. The New York City Police Department ("NYPD") is a division/agency of the City of New York, whose headquarters are located within the Southern District of New York.

10. Police Commissioner RAYMOND KELLY is the sole individual within the Police Department with the power to approve the issuance of pistol permits to retired police officers.

11. The John Doe Defendants from the NYPD and investigative wing of the Bronx District Attorney's Office are government agents who secured recordings of Plaintiff's phone conversations and text messages. Such or similar individuals pursued a sharing order from a Bronx County Supreme Court Justice that allowed the NYPD Department Advocate's Office to use these recordings in NYPD Administrative disciplinary proceedings.

## PRELIMINARY STATEMENT & ALLEGED FACTS

12. The occurrences described below took place in New York State, mostly in Manhattan, the Bronx, and Staten Island.

13. Plaintiff was a police officer who worked within the 9th Precinct on the Lower East Side of Manhattan and was assigned to patrol duties.

14. Plaintiff maintained an exceptional work record for nearly 20 years of employment. Plaintiff made approximately 400 patrol arrests, was elected to and served as the 9th Precinct union delegate to the Patrolman's Benevolent Association for more than eleven years, served on the PBA Law Committee, and received department recognition for numerous acts, including six exception police duty awards and two meritorious citations.

15. Plaintiff's extensive amount of arrests, combined with his address within the five boroughs, contributes to his claim for the right to have his pistol permit application granted.

16. Plaintiff started working for the NYPD on or about April 30, 1991. As he approached his twentieth anniversary on or about March 24, 2011, Plaintiff went to the NYPD Pension Section at One Police Plaza in New York City to serve his 30 day Notice of retirement, pursuant to NYPD Patrol Guide Section 205-42. This is a standard requirement prior to an officer retiring from the NYPD.

17. On or about April 9, 2011, an NYPD Lieutenant assigned to the Internal Affairs Bureau ("IAB") came to Plaintiff's home residence with a notification for Plaintiff to appear at the IAB on or about Monday April 11, 2011.

18. On or about April 11, 2011, Plaintiff appeared at IAB and was questioned pursuant to Police Patrol Guide Section 206-13, which compels officers to answer questions under threat of suspension and possible termination.

19. Plaintiff's appearance at IAB on or about April 11, 2011 concerned allegations of "ticket fixing." Ticket fixing is a term used to describe actions taken by members of the NYPD for essentially exercising an officer's discretionary powers not to issue a summons for a traffic infraction, retroactively, after a summons has already been issued. Plaintiff was investigated for being involved with fixing two summonses.

20. At the IAB appearance on or about April 11, 2011, a member of IAB played multiple recorded telephone conversations and showed text messages to Plaintiff. The conversations were alleged to have been between Plaintiff and other NYPD officers allegedly with regard to ticket fixing.

4

21. No warrant authorizing this intrusion upon Plaintiff's privacy was ever shown to Plaintiff.

22. The recordings and text messages were obtained by officers of the NYPD and the investigative wing of the Bronx County District Attorney's Office. These agents and agencies were gathering information that was to be presented to a Bronx County grand jury that was empanelled to determine if criminal charges should be preferred. The investigation involved hundreds of NYPD officers and had apparently been ongoing for a couple of years.

23. Sometime after the recordings were made of Plaintiff, the NYPD Department Advocate's Office, a division within the NYPD that investigates and prosecutes officers for administrative violations, submitted an ex-parte application to a Bronx County Supreme Court Judge to have the previously obtained evidence (audio recordings and text messages) turned over to the Advocate's Office so that they could commence administrative prosecutions against officers, including Plaintiff.

24. The NYPD Department Advocate's Office's application for the sharing order was granted by a State Judge, and audio recordings and text messages of Plaintiff were therefore turned over to the NYPD IAB and Department Advocate's Office pursuant to what is known as a "sharing order."

25. Since the NYPD did not turn over the relevant search warrants and supporting affidavits, if any existed, Plaintiff was deprived of the ability to challenge the constitutionality of the search warrants or their admissibility into evidence pursuant to Section 4506 of the New York State Civil Practice Laws and Rules.

26. In the absence of a valid search warrant that would not otherwise be deemed inadmissible pursuant to N.Y.C.P.L.R. § 4506 (McKinney 2013), or any intra-union communication privilege, the recording of these telephone conversations and text messages constituted an unreasonable search and are presumptively illegal in violation of Plaintiff's Fourth Amendment rights.

27. Plaintiff never gave consent to having his phone calls listened to by members of the NYPD or investigative wing of the Bronx County District Attorney's Office, nor did Plaintiff give consent to having his text messages read.

28. Further, no other officer party to these recordings with Plaintiff gave consent to having their phone calls recorded or text messages read.

29. It is Plaintiff's contention that both the warrant, if any, and the later sharing order were illegally obtained.

30. On or about April 14, 2011, Plaintiff was ordered to surrender his firearms by the NYPD IAB, and he was placed on modified assignment where he remained until he retired.

31. On or about April 14, 2011, Plaintiff was also served with "charges and specifications" (an administrative term of art) related to ticket fixing allegations. The body of the charges allege that Plaintiff used his position as a PBA union delegate to prevent the adjudication of summonses issued to two individuals.

32. After being served with the above mentioned charges and specifications, but before he retired, Plaintiff, through his attorney, requested a trial/hearing date (an opportunity to be heard on the charges) and/or, in the alternative, a plea bargain offer to dispose of said charges from the NYPD Department Advocate's Office.

33. The NYPD denied plaintiff his procedural due process rights in that they refused to grant a trial/hearing date or engage in any plea negotiations to dispose of the charges before Petitioner retired, despite due demand for same.

34. On or about April 29, 2011, Plaintiff retired pursuant to the aforementioned 30 day notice he provided to the NYPD, while the administrative charges were still unresolved.

35. Consequently, Plaintiff was not issued a "Pistol License Inquiry" form, also known as "good guy letter," which is a prerequisite pursuant to Department policy, in order for a retiree to receive a pistol permit upon retirement.

36. Additionally, Plaintiff has suffered the stigma of having his personnel record reflect that he retired with unresolved administrative charges pending and Plaintiff's retired Identification card is stamped "No Firearms."

37. On or about August 29, 2012, upon learning of similarly situated officers who had been able to resolve their administrative charges and retire with a "good guy letter" and received pistol permits, Plaintiff requested a "Name Clearing Hearing," to remove the stigma and financial hardship that Plaintiff has suffered since the time of Plaintiff's retirement.

38. After decades of service to the NYPD, the refusal to grant a name clearing hearing constituted a denial of substantive and procedural due process under the Fourteenth Amendment to the Constitution.

39. Plaintiff contends that Plaintiff is entitled to the constitutional due process of a "name clearing hearing" because Plaintiff's liberty interest in his good name, reputation, honor, and integrity are irreparably damaged by the charges filed against Plaintiff while Plaintiff was actively employed, which the Police Commissioner refused to adjudicate or

otherwise offer to dispose of before Plaintiff's regular date of service retirement, despite Plaintiff providing at least thirty days notice of his intention to retire, as required by the NYPD Patrol Guide.

40. Additionally, Plaintiff contends that Plaintiff is entitled to the constitutional due process of a name clearing hearing to remedy the stigma and other disabilities Petitioner has suffered, which have foreclosed employment opportunities that Plaintiff would have otherwise been able avail himself of had he been able to clear his name before retiring (either through an opportunity to be heard or receiving an offer to dispose of the charges) and received his good guy letter and been issued a pistol permit like other service retirees.

41. Plaintiff's request for a name clearing hearing was denied by letter dated September 27, 2012, by Captain Keith Cane of the Employee Management Division, which did not actually address the important issue of a name clearing hearing. Instead, Captain Cane merely addressed and denied the issuance of the "good guy letter," in essence because of Plaintiff's retirement with outstanding administrative charges still pending.

42. Plaintiff knows of other similarly situated officers accused of alleged ticket fixing who have been able to dispose of their charges through minor disciplinary measures, such as command disciplines, and have received good guy letters and been issued pistol permits by the Police Commissioner upon their retirement.

43. There was no rational basis for the disparate treatment between Plaintiff and these other NYPD officers.

## FIRST CAUSE ACTION

## VIOLATION OF THE FOURTH AMENDMENT UNDER THE UNITED STATES CONSTITUION

44. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 43 as if fully set forth herein.

45. Defendants John Doe, who are employees of the NYPD and Bronx County District Attorney's Office, secretly recorded telephone communications and text messages of Plaintiff, a union delegate, while communicating with other union delegates who were similarly unaware that they were being recorded.

46. No search warrant authorizing such an invasion of Plaintiff's privacy was ever shown to Plaintiff.

47. This warrantless intrusion constituted an invasion of Plaintiff's Fourth Amendment Rights to be free from unreasonable searches and seizures.

48. Each instance of illegal recording and reading of text messages by the NYPD and Bronx County District Attorney's Office is alleged to be a separate violation of the Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures.

49. It is believed that Plaintiff was recorded over five times.

50. As a consequence of the wrongful conduct, Plaintiff suffered emotional, mental and financial injury, including embarrassment, loss of reputation and loss of employment opportunities, due to not being given the opportunity to clear his good name and reputation, being denied a good guy letter upon retirement, being denied a pistol permit and his inability to pursue more lucrative employment as an armed guard.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUION

51. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 50 as if fully set forth herein.

52. Said recordings were later disseminated to the NYPD's Internal Affairs Bureau and Department Advocate's Office by what is known as a sharing order, based upon an ex-parte application of the NYPD.

53. This ex-parte application denied Plaintiff the opportunity to be heard in opposition of disseminating these recordings, originally obtained during a criminal investigation, but later sought for employment disciplinary measures.

54. In that the NYPD failed to provide Plaintiff with notice of the search warrants (if any existed at all) Plaintiff was also denied the State court remedy of challenging the admissibility of the warrants and recordings in the employment disciplinary forum, pursuant to N.Y.C.P.L.R. §4506 (McKinney 2013) (entitled, "eavesdropping evidence; admissibility; motion to suppress in certain cases").

55. This ex-parte application also deprived Plaintiff of being able to assert an intra-union communication privilege that may have been applicable to suppress the use of these recordings within an employment disciplinary context.

56. The use of these presumptively illegal recordings ultimately led to Defendant Commissioner Kelly's failure to approve Plaintiff's pistol permit after he retired.

57. As a consequence of the wrongful conduct, Plaintiff suffered emotional, mental and financial injury, including embarrassment and loss of reputation due to not being given

the opportunity to clear his good name and reputation, being denied a good guy letter, being denied a pistol permit and his inability to pursue more lucrative employment as an armed guard.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUION

58. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 57 as if fully set forth herein.

59. Plaintiff's procedural Due Process rights under the Fourteenth Amendment were violated in that Plaintiff was neither given an opportunity to be heard to contest the charges filed against him at an administrative hearing before Plaintiff retired from the NYPD, nor was Plaintiff afforded the opportunity to engage in plea bargain negotiations to dispose of these minor charges before Plaintiff retired.

60. The NYPD routinely schedules disciplinary hearings to allow officers the opportunity to be heard in opposition to charges preferred against them, or, in the alternative, the NYPD will engage in plea bargain negotiations with officers to quickly dispose of charges without the burden of conducting a full hearing.

61. As a consequence of the wrongful conduct, Plaintiff suffered emotional, mental and financial injury, including embarrassment and loss of reputation due to not being given the opportunity to clear his good name and reputation, being denied a good guy letter, being denied a pistol permit and his inability to pursue more lucrative employment as an armed guard.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOUREENTH AMENDMENT OF THE UNITED STATES CONSTITUION

62. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 61 as if fully set forth herein.

63. The defendants' actions violated the Equal Protection Clause of the Fourteenth Amendment, in that, multiple similarly situated officers and supervisors from NYPD were investigated and received charges and specifications for alleged ticket fixing, but received only minor discipline and were issued good guy letters and pistol permits upon their retirement.

64. It is specifically alleged that multiple officers who were similarly investigated for ticket fixing received more favorable treatment than Plaintiff.

65. As such, no rational person could regard the circumstances of the Plaintiff to differ from the aforementioned similarly situated officers he has compared himself to, within a degree that would justify the differential treatment on the basis of a legitimate government objective.

66. Furthermore, there was no rational basis for the disparate treatment and the impermissibly selective treatment Plaintiff received from Defendants.

67. As a consequence of the wrongful conduct, Plaintiff suffered emotional, mental and financial injury, including embarrassment and loss of reputation due to not being given the opportunity to clear his good name and reputation, being denied a good guy letter, being denied a pistol permit and his inability to pursue more lucrative employment as an armed guard.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUION

68. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 67 as if fully set forth herein.

69. On or about August 29, 2012, Plaintiff requested a post-employment name clearing hearing to remove the stigma and financial hardship that Plaintiff has suffered since the time of Plaintiff's retirement, due to the NYPD's failure to provide Plaintiff with either an opportunity to challenge these charges at a hearing, or the opportunity to dispose of these charges through a negotiated disposition, before Plaintiff's scheduled retirement date

70. On or about September 27, 2012, Plaintiff's request for a name clearing hearing was denied by the NYPD.

71. As a consequence of the wrongful conduct, Plaintiff suffered emotional, mental, and financial injury, including embarrassment and loss of reputation due to not being given the opportunity to clear his good name and reputation, being denied a good guy letter, being denied a pistol permit and his inability to pursue more lucrative employment as an armed guard.

WHEREEFORE, Plaintiff respectfully requests that this Court:

(1) Declare that Defendants action as complained of herein are in violation of Plaintiff's rights under the United States Constitution;

(2) Grant such equitable relief as may be appropriate as against defendants, including the holding of a name clearing hearing, the issuance of a good guy letter, and the issuance of a pistol permit by Defendant Commissioner RAYMOND KELLY;

(3) Award plaintiff compensatory damages in an amount to be proven and apportioned at a trial by jury for violations of Plaintiff's Fourth and Fourteenth Amendment rights, including Equal Protection and Due Process rights;

(4) Award plaintiff reasonable attorney's fees, reasonable witness fees, and other costs of bringing and maintaining this action, pursuant to 42 U.S.C. §1988.

(5) Plaintiff additionally prays for such other, further, and different relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all issues pursuant to Fed. R. Civ. P. 38(b).

Dated:   Queens, New York
         June 24, 2013

_____
Joseph W. Murray, Esq.(JM2393)
Attorney for Plaintiff
125-10 Queens Boulevard, Suite 5
Kew Gardens, New York 11415
Phone: (718) 514-3855
Fax: (718) 261-2129
Jmurray1966@aol.com

## **VERIFICATION**

**State of New York }**
                    :ss.:
**County of Queens }**

I, Kenneth Rinaldi, am the Plaintiff herein. I have read the foregoing Verified Complaint, and I declare under penalty of perjury that all statements of face therein are true and correct, and that, as to matters therein stated to be based on information and belief, I believe them to be true.

Date: June 24, 2013
      Queens, New York

Joseph W. Murray
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MU6171426
Qualified in Queens County
Commission Expires JULY 23, 2015

KENNETH RINALDI
Plaintiff

Notary

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH RINALDI,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY'S OFFICE, RAYMOND KELLY, Commissioner of the New York City Police Department, in his official and individual capacity, John Doe Employees for the Bronx County District Attorney's Office, John Doe Employees of the NYPD.

                Defendants.

**SUMMONS AND VERIFIED COMPLAINT**
13CV 4881

JOSEPH W. MURRAY, ESQ.
Attorney for Plaintiff Kenneth Rinaldi
125-10 Queens Boulevard, Suite 5
Kew Gardens, New York 11415
Phone: (718) 514-3855
Facsimile: (718) 261-2129

To: City of New York
One Centre Street
New York, NY 10007

Raymond Kelly
One Police Plaza
New York, New York 10038

New York City Police Department
One Police Plaza
New York, New York 10038

John Doe Employees of Bronx District Attorney's Office (fictitious)

Bronx County District Attorney's Office
198 E. 161 Street
Bronx, New York 10451

John Doe Employees of NYPD (fictitious)