Joseph W. Murray (JM-2393)
Attorney for Plaintiff
125-10 Queens Blvd, Suite 5
Kew Gardens, New York 11050
(718) 514-3855

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------------ X
KENNETH RINALDI,

                            *Plaintiff,*                        **13 CV 4881**

                -against-                                     **AMENDED COMPLAINT**

JOHN DOE employees of the New York City Police Department

                                                          **JURY TRIAL**
                                   *Defendants.*            **DEMANDED**

------------------------------------------------------------------------ X

      PLAINTIFF, Kenneth Rinaldi, by and through his attorney, Joseph W. Murray, Esq., as and for his amended complaint against the above-named defendants, declares and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking monetary relief, equitable relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution, and brought pursuant to 42 U.S.C. §1983.

2. In essence, Plaintiff, now a retired twenty-year veteran police officer of the New York City Police Department (hereinafter "NYPD") and long standing union representative of the Patrolman's Benevolent Association (hereinafter "PBA"), as a class of one, was denied the equal protection of law protected under the Fourteenth Amendment to the

1

United States Constitution. Plaintiff's equal protection claim is based upon the fact that JOHN DOE employees of the NYPD denied Plaintiff the opportunity to either schedule a trial or negotiate a disposition to an administrative charge served upon Plaintiff by JOHN DOE employees of the NYPD, subsequent to Plaintiff serving his 30-day notice of retirement upon the NYPD, which resulted in Plaintiff being denied a "good guy" letter and a post-retirement pistol permit by JOHN DOE employees of the NYPD, while other similarly situated officers charged with the same administrative charge were afforded by JOHN DOE employees of the NYPD an opportunity to dispose of this charge before retiring and did receive "good guy" letters and post retirement pistol permits.

## PROCEDURAL CONTEXT

3. On July 15, 2013, Plaintiff filed the original action pursuant to 42 U.S.C. § 1983 alleging violations of Plaintiff's Fourth Amendment right to be free from unlawful searches as well as multiple violations of Plaintiff's Fourteenth Amendment rights to due process and equal protection of law.

4. Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as claims against the NYPD because it is non-suable entity and now former NYPD Police Commissioner Raymond Kelly for failure to plead his personal involvement in the constitutional allegations.

5. Defendant's motion to dismiss the complaint was granted in its entirety by the Honorable Magistrate Judge, James L. Scott, by his Report and Recommendation dated June 10, 2014. Plaintiff was granted leave to file an amended complaint repleading only Plaintiff's

equal protection and Fourth Amendment claims, consistent with the analysis contained in the report and recommendation.

6. On September 11, 2014, the Honorable District Court Judge, Lewis A. Kaplan signed an Order granting Defendants' motion to dismiss the complaint, substantially for the reasons set forth in the report and recommendation of Magistrate Judge James L. Cott, to which no objection was filed by plaintiff. Plaintiff was granted leave to file an amended complaint repleading only Plaintiff's equal protection and Fourth Amendment claims, consistent with the analysis contained in the report and recommendation.

7. Plaintiff now files the instant amended complaint containing only a repleading of Plaintiff's equal protection claim, consistent with the report and recommendation.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343.

9. Plaintiff also involves §1367 over any and all state claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

10. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §2201 and §2202 and Rule 57 of the Federal Rules of Civil Procedure.

11. Venue is proper under 28 U.S.C. §1391(b) and (c) in that a substantial part of the acts or omissions giving rise to the claims herein occurred in the Southern District of New York and all defendants are located or have their principle place of business in the Southern District of New York.

## PARTIES

12. Plaintiff, Kenneth Rinaldi, is a citizen of the United States and resides in Staten Island, New York. He is a retired police officer from the NYPD, having completed twenty years of police service.

13. The JOHN DOE[1] Defendants employees of the NYPD are government agents who secured recordings of Plaintiff's phone conversations and text messages. Such or similar individuals pursued a sharing order from a Bronx County Supreme Court Justice that allowed the NYPD Department Advocate's Office to use these recordings in NYPD Administrative disciplinary proceedings. Such or similar unidentified individuals denied Plaintiff the opportunity to dispose of the resulting administrative charges before Plaintiff retired and similarly denied Plaintiff a "good guy" letter and post employment pistol carry permit.

## PRELIMINARY STATEMENT & ALLEGED FACTS

14. The occurrences described below took place in New York State, mostly in Manhattan, the Bronx, and Staten Island.

15. Plaintiff was a police officer who worked within the 9th Precinct on the Lower East Side of Manhattan and was assigned to patrol duties.

16. Plaintiff maintained an exceptional work record for nearly 20 years of employment. Plaintiff made approximately 400 patrol arrests, was elected to and served as the 9th Precinct union delegate to the PBA for more than eleven years, served on the PBA Law

---

[1] As the identity of the "John Doe" members of the NYPD are discovered, which may include former Police Commissioner Raymond Kelly, or his appropriate designee, Plaintiff will seek appropriate leave of court to amend the caption to include these newly identified defendants.

4

Committee, and received department recognition for numerous acts, including six exception police duty awards and two meritorious citations.

17. Plaintiff's extensive amount of arrests, combined with his address within the five boroughs, contributes to his claim for the right to have his pistol permit application granted.

18. Plaintiff started working for the NYPD on or about April 30, 1991. As he approached his twentieth anniversary on or about March 24, 2011, Plaintiff went to the NYPD Pension Section at One Police Plaza in New York City to serve his 30 day Notice of retirement, pursuant to NYPD Patrol Guide Section 205-42 (hereinafter "30-Day Notice"). This is a standard requirement prior to an officer retiring from the NYPD.

19. On or about April 9, 2011, an NYPD Lieutenant JOHN DOE employee of the NYPD assigned to the Internal Affairs Bureau ("IAB") came to Plaintiff's home residence with a notification for Plaintiff to appear at the IAB on or about Monday April 11, 2011.

20. On or about April 11, 2011, Plaintiff appeared at IAB and was questioned pursuant to Police Patrol Guide Section 206-13, which compels officers to answer questions under threat of suspension and possible termination (hereinafter "IAB Interrogation").

21. Plaintiff's appearance at IAB on or about April 11, 2011 concerned allegations of "ticket fixing." Ticket fixing is a term used to describe actions taken by members of the NYPD for essentially exercising an officer's discretionary powers not to issue a summons for a traffic infraction, retroactively, after a summons has already been issued. Plaintiff was investigated for being involved with fixing two summonses.

22. At the IAB appearance on or about April 11, 2011, JOHN DOE employees of the NYPD played multiple recorded telephone conversations and showed text messages to Plaintiff.

The conversations were alleged to have been between Plaintiff and other NYPD officers allegedly with regard to ticket fixing.

23. The recordings and text messages were obtained by officers of the NYPD and the investigative wing of the Bronx County District Attorney's Office. These agents and agencies were gathering information that was to be presented to a Bronx County grand jury that was empanelled to determine if criminal charges should be preferred. The investigation involved hundreds of NYPD officers and had apparently been ongoing for a couple of years.

24. On or about April 14, 2011, Plaintiff was ordered to surrender his firearms by the NYPD IAB, and he was placed on modified assignment where he remained until he retired.

25. On or about April 14, 2011, Plaintiff was also served with "charges and specifications" (an administrative term of art) related to ticket fixing allegations. The body of the charges allege that Plaintiff used his position as a PBA union delegate to prevent the adjudication of summonses issued to two individuals.

26. After being served with the above mentioned charges and specifications, but before he retired, Plaintiff, through his attorney, made a request of JOHN DOE employees of the NYPD to be given a trial/hearing date (an opportunity to be heard on the charges) and/or, in the alternative, a plea bargain offer to dispose of said charges from JOHN DOE employees of the NYPD assigned to the NYPD Department Advocate's Office.

27. The JOHN DOE employees of the NYPD refused to grant a trial/hearing date or engage in any plea negotiations to dispose of the charges before Petitioner retired, despite due demand for same.

28. On or about April 29, 2011, Plaintiff retired pursuant to the aforementioned 30 day notice he provided to the JOHN DOE employees of the NYPD, while the administrative charges were still unresolved.

29. Consequently, JOHN DOE employees of the NYPD failed to issue Plaintiff a "Pistol License Inquiry" form, also known as "good guy letter," which is a prerequisite pursuant to Department policy, in order for a retiree to receive a pistol permit upon retirement.

30. Plaintiff contends that JOHN DOE employees of the NYPD denied Plaintiff the equal protection of law because JOHN DOE employees of the NYPD granted to similarly situated police officers who were served with the same charges and also filed their 30-day notice of retirement, an opportunity to negotiate a disposition of their charges, receive a "good guy" letter and a post employment pistol carry permit before retiring at the end of said 30-day notice of retirement.

**Retired Police Officer Pasquale Califano**

31. Upon information and belief, Retired Police Officer Pasquale Califano (hereinafter "Califano") joined the NYPD on April 30, 1991.

32. Upon information and belief, Califano spent the majority of his twenty-five years of service assigned to the 102nd Precinct in Queens, where he served as PBA delegate for approximately seventeen (17) years.

33. Upon information and belief, on or about March 30, 2011, Califano served his 30-Day Notice upon JOHN DOE employees of the NYPD.

34. Upon information and belief, on or about April 23, 2011, Califano was served with notice to appear for IAB interrogation by JOHN DOE employees of the NYPD.

7

35. Upon information and belief, on or about April 23, 2011, during the IAB Interrogation, multiple recordings were played by JOHN DOE employees of the NYPD, in which Califano was speaking to another PBA delegate in connection with a summons that his commanding officer, Deputy Inspector Armondo Deleone, requested that Califano fix for him.

36. Upon information and belief, on or about April 23, 2011, Califano was served with administrative charges and specifications from JOHN DOE employees of the NYPD, in essence that he used his position as a PBA delegate to prevent the adjudication of a summons, in connection with the recordings played at the IAB Interrogation.

37. Upon information and belief, on or about the last week of April 2011, Califano received an offer from JOHN DOE employees of the NYPD to plead guilty to a Schedule-B Command Discipline and agree to forfeit approximately seven (7) vacation days, which Califano accepted.

38. Upon information and belief, on or about April 30, 2011, Califano retired from the NYPD after having received a "good guy" letter and post retirement pistol carry permit.

**Retired Police Officer Daniel Malone**

39. Upon information and belief, retired police officer Daniel Malone (hereinafter ("Malone") joined the NYPD on July 11, 1992.

40. Upon information and belief, Malone was assigned to the 52 Precinct in the Bronx for nearly his entire twenty (20) year career and served as PBA delegate for just short of ten (10) years.

41. Upon information and belief, some time prior to October 3, 2011, Malone reported for an IAB Interrogation conducted by JOHN DOE employees of the NYPD, in which nine (9)

8

recordings were played in connection with three (3) summonses that he was alleged to have been trying to fix.

42. Upon information and belief, on or about October 3, 2011, Malone was served with charges and specifications, in essence, that Malone used his position as a PBA delegate to prevent the adjudication of three summons, in connection with the recording of Malone played during the IAB Interrogation.

43. in connection with the summonses discussed in the recordings, by JOHN DOE employees of the NYPD.

44. Upon information and belief, as Malone was approaching his twentieth (20th) anniversary and expected retirement date, Malone's attorneys contacted JOHN DOE employees of the NYPD and requested to negotiate a plea to dispose of the charges.

45. Upon information and belief, prior to his twentieth (20th) anniversary and expected retirement date, Malone was informed by his attorney that JOHN DOE employees of the NYPD advised his attorney that Malone would soon receive an offer to dispose of the case if he waited a little longer. Based upon that representation, Malone delayed his retirement until filing his 30-Day Notice on or about October 4, 2012.

46. Upon information and belief, on or about October 4, 2012, Malone accepted an offer made by JOHN DOE employees of the NYPD, to plead guilty to administrative charges in connection with the summonses under investigation (essentially "ticket fixing") and be suspended for five (5) days and forfeit an additional twenty-five (25) vacation days.

47. Upon information and belief, on or about November 12, 2012, Malone retired from the New York City Police Department with his "good guy" letter and received a post retirement pistol carry permit.

## **FIRST CAUSE ACTION**

## **VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOUREENTH AMENDMENT OF THE UNITED STATES CONSTITUION**

48. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 47 as if fully set forth herein.

49. The defendants' actions violated the Equal Protection Clause of the Fourteenth Amendment, in that, aside form being able to dispose of their administrative charges, receiving their "good guy" letters and post employment pistol carry permits, Califano's and Malone's circumstances are prima facie identical in essentially all other respects.

50. Califano and Malone were long-standing PBA delegates charged with "ticket fixing" administrative charges, stemming from the same investigation and through the same wire tap voice recordings as Plaintiff.

51. Moreover, like Plaintiff's counsel did, counsel for Califano and Malone each requested to dispose of the administrative charges so that their clients can retire with "good guy" letters and they could receive their post retirement pistol carry permits.

52. Unlike Plaintiff, both Califano and Malone were able to dispose of their administrative charges, receive "good guy" letters and post retirement pistol carry permits.

53. In viewing Plaintiff's circumstances, no rational person could regard the circumstances of the Plaintiff to differ from the circumstances of Califano and Malone, within a degree that would justify the differential treatment on the basis of a legitimate government objective.

54. Furthermore, the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

55. As such, there was no rational basis for the disparate treatment and the impermissibly selective treatment Plaintiff received from Defendants.

56. As a consequence of the wrongful conduct, Plaintiff suffered emotional, mental and financial injury, including embarrassment and loss of reputation due to not being given the opportunity to clear his good name and reputation, being denied a good guy letter, being denied a pistol permit and his inability to pursue more lucrative employment as an armed guard.

WHEREEFORE, Plaintiff respectfully requests that this Court:

(1) Declare that Defendants action as complained of herein are in violation of Plaintiff's rights under the United States Constitution;

(2) Grant such equitable relief as may be appropriate as against defendants, including the issuance of a "good guy" letter, and the issuance of a pistol permit by the NYPD;

(3) Award plaintiff compensatory damages in an amount to be proven and apportioned at a trial by jury for violations of Plaintiff's Fourteenth Amendment Equal Protection rights;

(4) Award plaintiff reasonable attorney's fees, reasonable witness fees, and other costs of bringing and maintaining this action, pursuant to 42 U.S.C. §1988.

(5) Plaintiff additionally prays for such other, further, and different relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all issues pursuant to Fed. R. Civ. P. 38(b).

Dated:  Queens, New York
        October 8, 2014

*[signature]*

Joseph W. Murray, Esq.(JM2393)
Attorney for Plaintiff
125-10 Queens Boulevard, Suite 5
Kew Gardens, New York 11415
Phone: (718) 514-3855
Fax: (718) 261-2129
Jmurray1966@aol.com